# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YASIEL HERNANDEZ TRUJILLO, | ) | Case No. ED CV 25-3002 FMO (SSC) |
| Petitioner, | ) | |
| v. | ) | **ORDER RE: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |
| JAMES JANECKA, et al., | ) | |
| Respondents. | ) | |

On November 8, 2025, Yasiel Hernandez Trujillo ("petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1, "Petition"), and an Ex Parte Application for a Temporary Restraining Order ("TRO Application"), seeking his immediate release pending adjudication of his habeas petition, or, in the alternative, for a proper custodial determination before a neutral decisionmaker. (See id. at 16-18). On December 1, 2025, the court issued an order granting petitioner's TRO Application and ordering respondents to "release petitioner forthwith under reasonable conditions of supervision provided under 8 U.S.C. § 1231(a)(3)." (Dkt. 12, Court's Order of December 1, 2025, at 10). Petitioner was released from respondents' custody under an order of supervision on December 2, 2025. (See Dkt. 14, Respondents' Notice of Compliance).

The court additionally construed petitioner's TRO Application as an application for a preliminary injunction ("PI Application"), and ordered respondents to file any opposition to the PI

Application by no later than December 8, 2025.  (See Dkt. 12, Court's Order of December 1, 2025, at 10-11).  Respondents timely filed a response asserting that petitioner's release from detention moots both the PI Application and the Petition.  (See Dkt. 15, Opposition to PI Application at 2).  Petitioner contends that his case is not moot merely because he has been released.  (See Dkt. 16, Reply at 2-6).  The court is not persuaded.

"For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition."  Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007).  "By contrast, where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released from custody."  Id.  "Collateral consequences create concrete legal disadvantages."  Alam v. Carter, 843 F.Appx. 953, 954 (9th Cir. 2021) (internal quotation marks omitted).

Here, petitioner's release "does not give rise to collateral consequences that are redressable by success on his original petition."[1]  Abdala, 488 F.3d at 1065; see Mejia v. Semaia, 2025 WL 2633165, *2 (C.D. Cal. 2025) ("[I]f release from custody fully resolves the claims raised in a habeas petition, the claims are indeed moot.").  And petitioner's contention that respondents will be able to re-arrest and re-detain him, (see Dkt. 16, Reply at 6), appears to be "speculative and hypothetical[.]"  Alam, 843 F.Appx. at 954; see id. (holding that petitioner's release from detention mooted his petition for a writ of habeas corpus and that "[a]ny risk of re-detention does not save his petition from mootness, as he was released pursuant to court order and there is thus a legal impediment to his re-detention").

Based on the foregoing, IT IS ORDERED THAT:

---

[1] Petitioner's request for attorney's fees and costs, as well as the other relief that "could be awarded[,]" (Dkt. 16, Reply at 4) (emphasis omitted), does not save the case from being moot.  "[A]n interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."  Thole v. U.S. Bank N.A, 590 U.S. 538, 541, 140 S.Ct. 1615, 1619 (2020) (internal quotation marks omitted).  Moreover, the Petition identifies the other relief as "[i]n the alternative," (Dkt. 1, Petition at 18), to the ultimate relief sought – petitioner's immediate release – which the court granted.  (Dkt. 12, Court's Order of December 1, 2025, at 10).

1. Petitioner's Petition for Writ of Habeas Corpus and PI Application **(Document No. 1)** are **denied as moot**.

2. The above-captioned case is **dismissed without prejudice**.

3. Judgment shall be entered accordingly.

Dated this 12th day of January, 2026.

                                                         /s/
                                   Fernando M. Olguin
                               United States District Judge